IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIKE KASSABJI,

     Petitioner,

v.                                   CIV 09-675 RB/CG

ERASMO BRAVO, Warden, et al.,

     Respondents.

# ORDER DENYING PETITIONER MOTIONS AND FOR RESPONDENTS TO SUPPLEMENT

     In case number "CR 26954-06," a Bernalillo County Metropolitan Court jury found Petitioner Mike Kassabji guilty of more than one hundred counts of animal cruelty and related charges.  These charges stemmed from an investigation into puppy sales and seizure of twenty-one animals from Petitioner's van.  On October 12, 2007, Metropolitan Court Judge Julie N. Altwies suspended ten years of the twenty-one year sentence she imposed, and Petitioner is presently serving his eleven-year sentence.  *See Doc. 22-2 at 1-5.*

     The matter is before me on his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and many other motions, as well as Respondents' Answer and Supplemental Answer.  *See Docs. 1, 4, 11, 12-15, 19-20, 22-29.*  Petitioner believes he is innocent and wrongly incarcerated.  *See, e.g., id.* at 5 ("the whole concoction of charges in my J&S do not amount to even minute petty misdemeanor"); *Doc. 11* at 1 ("I

am falsely imprisoned"); *Doc. 28* at 1 ("ear mites, care and maintenance, restraint,

medical treatment, rabies . . . are nothing but benign charges/misdemeanors, (if they

had proven them, but they didn't!) [and] combined don't merit even one single day in jail

and Judge Altwies gave me 11 years in prison?!!!").[1]  In addition, he claims that Judge

Altwies:  (1) failed to grant him a change of venue; (2) had no jurisdiction to sentence

him to more than ninety-days; (3) empaneled a jury that he did not select; (4) did not

allow each of his twelve witnesses to testify; and (5) relied on testimony of officers who

failed to mention ear mites.  *See id.* at 5.

Because he filed his petition after the effective date of the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case.  *E.g.,*

*Abdul-Kabir v. Quarterman,* 550 U.S. 233, ___, 127 S. Ct. 1654, 1664 (2007); *DeLozier*

*v. Sirmons,* 531 F.3d 1306, 1319 (10th Cir. 2008).  For the reasons below, I require

additional briefing by Respondents and, to facilitate moving the case to disposition in

the event procedural issues are not dispositive, I will also have Respondents file the

State Record Proper and other materials.

# I.  Background

Petitioner has had a long and contentious relationship with Animal Control.  *See,*

*e.g., Kassabji v. NM Animal Control, et al.,* CIV 05-1125 RB/LFG.  To complicate

matters further, he is referred to either as "Mike" or "Mohamed" or "Mohammed" in the

captions of State and federal proceedings.  *See, e.g., Kassabji v. Torrez, et al.,* CIV 06-

---

[1]  For clarity, when I cite direct quotes from Petitioner's pleadings, I have deleted any
emphasis he made by underlining.

1240 JCH/LCS (caption reads "Mike Kassabji also known as Mohamed Kassabji"); *see also* www.nmcourts.gov/caselookup/ (results for "Kassabji").

 A few months before the seizure of animals from his van, Petitioner was separately charged in "CR-17328-0" for animals that were seized from his home and received a a ninety-day sentence and $300 fine.  The home seizure proceedings spawned at least two other suits before this Court – a civil action before District Judge William P. Johnson and Magistrate Judge Alan C. Torgerson (*Kassabji v. Baca, et al.,* CIV 06-710 WJ/ACT ) and a habeas action before District Judge Judith C. Herrera and retired Magistrate Judge Leslie C. Smith (*Kassabji v. Torrez, et al.,* CIV 06-1240 JCH/LCS).[2]  The Herrera/Smith habeas proceeding was dismissed on Judge Smith's recommendation because Petitioner failed to exhaust his state remedies.  *See Kassabji v. Torrez, et al.,* CIV 06-1240 JCH/LCS (Docs. 46-48).

For reasons that are presently unclear, the subject of "CR26954-06" was injected to some degree into the Herrera/Smith suit.  For example, although some of the amendments Petitioner wanted to bring were denied, the two documents that Judge Smith did allow and used as controlling referred to and complained about the seizure of the animals from the van.[3]  Moreover, the State filed the Record Proper for "CR26954-

---

[2]  He also claims to have filed related federal cases in Colorado and Texas, but I is not clear whether they relate to the van or house charges and I have not consulted those dockets. *See Doc. 1* at 2.

[3]  *See, e.g., id.* (Doc. 1 – stating that "Judge Frank Gentry . .. stated that I could do the dogs' (sic) business out of town, so I did.  They [meaning the City Attorney and the Judge] organized a sting operation to from me of selling one pup.  This sting operation was illegal.  As a result, APD followed me, raided my car and seized 21 dogs on 12/11/06, yet another illegal seizure"); *id.* (Doc. 4 – same, asking the Court to "merge" his claims for the "two state cases with Judges Clay Campbell and Frank Gentry"); *id.* (Doc. 32 – order denying all subsequent amendments and allowing case to proceed on Documents 1 and 4, quoted from above).

06 and CR 6750-07" in the Herrera/Smith case.  *See id.* (Docs. 12, 41, 44-45).

   After subsequent state proceedings that, again, are not entirely clear at this juncture, Petitioner filed another federal habeas petition, this time clearly challenging the proceedings in the van-seizure/Judge Altwies case, and raising virtually identical claims to the ones he raises here.  *See Kassabji v. New Mexico,* CIV 08-914 WJ/ACT (Doc. 1 at 1, 4).  He filed that petition on August 13, 2008 but later stated in a letter to Chief Judge Martha Vázquez that he had intended to file it with the Supreme Court of the United States, and that this Court should not have opened a case.  *Id.* (Doc. 4).  Accordingly, Judge Johnson dismissed the suit on November 5, 2008.  *Id.* (Doc. 5).

   Some eight months later, Petitioner filed the instant federal petition on July 2, 2009.  *See Doc. 1* at 6 (certified under penalty of perjury to have been placed in the prison mail system on July 2, 2009).

## II.  Petitioner's Pending Motions

### A.  Moot Motions

   Petitioner paid the $5.00 filing fee so, as he notes, his motion to proceed *in forma pauperis* is moot and will be denied as such.  *See Docs. 4, 7, 12.*  Likewise, because his petition named Warden Bravo as a respondent, his memorandum setting forth why Warden Bravo should be added as a respondent is superfluous.  *See Doc. 13.*

### B.  Proper Respondents

   This is a habeas proceeding and, as such the only proper Respondents are the warden who has custody of the prisoner and, as is the custom with this Court, the Attorney General for the State of New Mexico.  *See, e.g., Romero v. Moya*, CIV 06-990

MV/KBM (Doc. 18 at 2; explaining why this Court adds Attorney General as an additional Respondent); *see also* RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS (Appendix of Forms designating both person with custody and State Attorney General as respondents) (hereinafter "*Habeas Rule*").  Therefore, to the extent that Petitioner's "Bravo memo" and other motions attempt to inject civil claims against the Warden, Albuquerque Mayor Martin J. Chávez, Judge Johnson, Judge Smith, or any other individual he mentions in his pleadings, they will be denied.  *E.g., Heck v. Humphrey,* 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973); *see also, e.g., Doc. 14* (motion requesting hearing "to investigate Warden Bravo's negligence, improper classification for . . . tolerating my false imprisonment"); *Doc. 15* (request for hearing on his motion for a hearing regarding, among other things, his classification).  Accordingly, I will order the Mayor and Judges' names be stricken from the caption.

### C.  Grand Jury

Calling this habeas proceeding a "class action," Petitioner continues to ask the Court to require state and federal prosecutors to convene a federal grand jury to look into the validity of his criminal case and incarceration.  *See Docs. 19, 28.*  I denied his first request for a grand jury, and do so again, because

> "[A] private citizen lacks standing to demand the prosecution of another." *Kathrein v. McGrath*, 166 F. App'x 858, 864 (7th Cir.) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Johnson v. City of Evanston, Ill.*, 250 F.3d 560, 563 (7th Cir. 2001)), *cert. denied,* 549 U.S. 813 (2006); *and see Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997) (holding that an individual has no standing under Article III to seek prosecution of others).

*Doc. 9.*

5

### D.  Remaining Motions

Petitioner has also filed motions to change venue, to compel responses from the State to interrogatories, to strike Respondents' Answer, and for other "mandamus" relief.  They, as well as the reasons why he wants to convene a grand jury, are related to his obvious frustration over his conviction and the many lawsuits that have not been resolved to his satisfaction.  He seems particularly irritated that this Court has not moved immediately to release him from jail.  *E.g., Doc. 1* at 4 ("I ask for my release today . . . Null, nothing.  I didn't get anything bu a bunch of blasphemy(s).  All throughout Jan. 07 - now June 2009.  I am still in prison!); *Doc. 13* (Warden Bravo "refuses to cooperate and aid in my release."); *Doc. 28* at 2 ("I filed at least a dozen motions!  Nothing has happened so far but subterfuge and manipulations . . . This case is standing still!  It is stagnant, ro dead, just like my other cases CV08-914, CV-7-1859, CV 06-1240, CV 06-710, CV06-60, CV 06-69, CV 95-24.  Technically, all of these cases are the same; they are all one case. They have never been opened, and they have never been provide with one single hearing.").

In expressing his frustration, Petitioner's pleadings have taken on a tone that need not be tolerated by any court.  The Tenth Circuit noted in a recent case before it that a litigant submitted documents "littered with frivolous and irrelevant arguments and tirades . . . contain scurrilous allegations and personal attacks regarding alleged wrongdoing by the named Justices of the Colorado Supreme Court and the district judge."  *Smith v. Bender,* 2009 WL 2902563 at * 4 (10th Cir. 2009).  Petitioner repeatedly makes the same sort of assertions and other fantastical allegations throughout his pleadings here.  To mention but a few:

- his patently sarcastic headers regarding July 4th, *see, e.g., Doc. 1* at 1-6;

- his declaration and insistence that because of their prior rulings Judges Johnson and Smith are "not allowed to preside on this case," *id*. at 2; *see also id*. at 4 ("not allowed to touch my case");

- his contention that President Obama and Chief Justice Roberts "believe that you should act on the case with a panel of judge," *id*. at 3;

- his assertion that Judge Johnson "covered up for Judge Campbell – M. Chavez by some invalid legal jargon," *id*. at 3;

- his assertion that Judge Smith "avoided" Petitioner's "more than 6 petitions of habeas in this Court "by 'bogus' claim that he lost my address [and then] copied-cat Judge "Chip" William P. Johnson," *id.;*

- his assertion that "Judge Julie Altwies installed a 'bogus' jury.  I didn't get to select any of those six crooks," *id*. at 5;

- his belief that the entire State of New Mexico and the Judges of this Court (save for two) are "against  me," *id*. at 5; *see also Doc. 11* at 1;

- his statement that "I and the public of the state of NM, believe that Mayor Martin Chavez - Gov. Bill Richardson has control of NM - Fed'l Court:  Judge William P. Johnson, Martha Vázquez, Leslie Smith . . . and thus most of the federal judges in NM.  I/we are entitled to such believe (sic); we don't have to prove the control," *Doc. 11* at 1;

- his assertion that Judges Brack, Johnson, Smith, and I are "blatantly violat[ing]" Petitioner's "human rights, the law . . . all tyranny, dictatorship, prejudice, hatred, and corruption!," *Doc. 20* at 2;

- his assertion that "Judge Smith/Greg Wheeling is/are guilty of treason," *Doc. 24* at 2;

- his assertion that Mayor Chavez-Greg Wheeler, [Judge] Smith, . . . "Chip" Johnson, and other defendants have already done a good job in tarnishing my reputation in MM.  So how can I get a fair trial . . . in NM?,"  *Doc. 25* at 1; and

7

● his assertion that "I want/would like hearings, a true litigation, no jerking me around like what Judge William R. Johnson, Leslie Smith did to me in year 2007-2008!," *Doc. 29* at 1.

As did the Tenth Circuit in *Smith,* I am putting Petitioner on notice that if he continues to file pleadings in this case that contain "similar unsupported claims, allegations, or personal attacks" this Court may consider imposing "sanctions and filing restrictions in order to curb his abusive and disrespectful litigation practices." *Smith,* 2009 WL at * 4. No sanctions will be considered now, however, because I believe that his insinuations of bias are based in large part on his mistaken beliefs about how federal habeas proceedings are conducted. Hopefully this order will clarify matters.

For example, Petitioner believes that: (1) this Court is to act "ex parte," without involving Respondents, *Doc. 11* at 2; *see also Doc. 27* at 2; (2) this Court cannot deal with habeas cases "on paper" but instead must hold a hearing before the case can be dismissed, *see Doc. 20* at 2; (3) he is entitled to discovery from Respondents as a matter of right, *see Docs. 20, 26;* and (4) that habeas proceedings are criminal in nature rather than civil, *see e.g., Doc. 27*. He is wrong on all counts.

Habeas actions are not considered to be "civil cases" for 28 U.S.C. § 1915 purposes, which requires prisoners proceeding *in forma pauperis* in "civil actions" to pay all filing fees, such as $350 to initiate an action in federal district court. *See, e.g.,United States v. Simmonds,* 111 F.3d 737, 741-43 (10th Cir. 1997), *overruled on other grounds by United States v. Hurst,* 322 F.3d 1256 (10th Cir. 2003) (adopting "anniversary method," rather than "calendar-year method" for calculating AEDPA statute of limitations). Habeas cases otherwise have long been considered to be "civil in nature" and, as such, no Sixth Amendment right to counsel applies to them.

8

Mr. Smith is not challenging his representation during any of his collateral proceedings, either state or federal, presumably in recognition of the fact that he has no Sixth Amendment right to counsel during such proceedings. *See, e.g., Coleman v. Thompson,* 501 U.S. 722, 752 (1991); *Pennsylvania v. Finley,* 481 U.S. 551, 555-56 (1987) . . . . This is true because the Sixth Amendment right to counsel applies only to criminal proceedings, *see Maine v. Moulton,* 474 U.S. 159, 170 (1985), and habeas corpus proceedings are civil in nature, *see Hilton v. Braunskill,* 481 U.S. 770, 776 (1987), as our sister circuits have properly recognized. *See, e.g., Hoggard v. Purkett,* 29 F.3d 469, 471 (8th Cir. 1994)*; Barkauskas v. Lane,* 946 F.2d 1292, 1294 (7th Cir. 1991).

*Smith v. Secretary of New Mexico Dept. of Corrections,* 50 F.3d 801, 821 n.29 (10th Cir.), *cert. denied sub nom.* 516 U.S. 905 (1995).

Moreover, habeas proceedings are governed by their own special set of rules. These rules specifically allow the Court to apply a Federal Rule of Civil Procedure as long as it is not consistent with other habeas statutes or rules. *See Rule 11* (to be designated as Rule 12 as of 12/1/09 absent contrary Congressional action). They also require this Court to review the matter "on paper" first, before deciding whether to allow discovery or to hold an evidentiary hearing. *See Rules 4-8.*

One of Petitioner's biggest misconceptions is that his motion for a change of venue automatically entitles him the recusal of myself and Judge Brack in particular, as well as most of the other judges of this District. *See Doc. 27* at 1 ("request for changing the venue is a matter of right . . . especially when a litigant observes a clear bias[ ] . . . my firm request or change of venue mandate[s] changing the venue from the start. Thus Judge Carmen Garza, Robert Brack have no business issuing any order or carrying out any procedural steps other than procedure for change of venue"); *see, also, e.g., Doc. 11* at 2; *Doc. 19* at 2; *Doc. 20* at 2. In some pleadings he is willing to have Senior Judges James A. Parker and John E. Conway preside on a panel with three

9

other "visiting judges, from a different venue, not from Amarillo fed'l court."  *Doc. 15* at

1; *see also Docs. 19, 20, 25.*  Other times he wants this case transferred "to out of

state," unless this Court is willing to "empanel a totally independent grand jury right

away."  *Doc. 19* at 2; *see also Doc. 25.*

Petitioner's motions seeking (or based on) a change of venue and/or "recusal"

and change of venue will be denied.  This Court has no authority to transfer a habeas

case out of state simply because Petitioner insists.  Under 28 U.S.C. § 2241(d), venue

for federal habeas actions challenging a state conviction can either be brought the

district where the Petitioner is in custody or in the district where the conviction was had.

Because his conviction and incarceration are in New Mexico and because this district

encompasses the entire State of New Mexico, venue lies with this Court.

Furthermore, there is no basis for any judge of this District to recuse.

As the Supreme Court has stated: "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.... [They] can only in the rarest circumstances evidence the degree of favoritism or antagonism required" for recusal.  *Liteky v. United States,* 510 U.S. 540, 555 (1994). And "[a] judge's ordinary efforts at courtroom administration-even a stern and short-tempered judge's ordinary efforts at courtroom administration-remain immune."  *Id.* at 556. "[E]xpressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display" do not support a bias challenge "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555-56.

*United States v. Erickson,* 561 F.3d 1150, 1169 (10th Cir. 2009).  Petitioner's complaints

about the judges in this District are based on how we are handling his cases and thus

are not grounds for recusal under *Liteky.*  The complaints are otherwise vague and/or

speculative, neither of which can support a decision to recuse under 28 U.S.C. § 455.

10

*See, e.g., Green v. Sirmons,* 295 Fed. App'x 270, 271 (10th Cir. 2008) ("Mr. Green has

filed an identical motion requesting that the entire Tenth Circuit Court of Appeals be

disqualified from deciding cases to which he is a party.  We construe this as a motion

made under 28 U.S.C. § 455. . . .  We remind Mr. Green that judges cannot recuse

themselves based on 'unsupported, irrational, or highly tenuous speculation.'  *Hinman v.*

*Rogers,* 831 F.2d 937, 939 (10th Cir.1987).  Because we find his allegations to fall into

that category, we deny the motions with respect to both applications for COA."); *In re*

*Myers,* 183 Fed. App'x 738, 740 (10th Cir. 2006) ("To the extent Ms. Myers argues that

both Judge Pusateri and Judge Somers, the judge who granted the motion to dismiss,

should have 'self-recused,' we note that the relevant standard under 28 U.S.C. § 455(a)

requires recusal where a judge's 'impartiality might reasonably be questioned.'  None of

the conjecture and speculation offered by Ms. Myers would lead a reasonable person to

question the impartiality of either judge.  *See United States v. Nickl,* 427 F.3d 1286,

1298 (10th Cir. 2005) (noting that "[r]ecusal is necessary when a judge's actions or

comments 'reveal such a high degree of favoritism or antagonism as to make fair

judgment impossible').").

## III.  Supplementation Of Answer

Respondents maintain that the instant petition should be dismissed as

"procedurally defaulted" because, although he appealed his the "CR26954-06"conviction

to the Second Judicial District, *see, e.g., Doc. 22* at 6, he did not thereafter continue

with a direct appeal to the New Mexico Supreme Court, *see Doc. 23* at 2.  They also

assert that he failed to file a petition for certiorari with the New Mexico Supreme Court

following denial of his state petition seeking habeas relief.  *See Doc. 22* at 6-7.

Petitioner asserts that he has never stopped petitioning for habeas corpus in either the

state courts, this Court, or the Supreme Court of the United States.  He maintains that

the state court records will bear out that he "petitioned" judges in the Metropolitan Court,

District Court, Court of Appeals, and New Mexico Supreme Court.  He also asserts that

a Justice of the New Mexico Supreme Court rejected an attempt at an appeal.  *See

Doc. 24* a 6.  Given the number of overlapping and premature suits Petitioner has

brought here, an equal number of docket results for the New Mexico courts, the fact that

the Record Proper in "CR26954-06" was filed in "CR17328-06," and all of the other

courts that he says he has pursued relief in, I cannot make an informed decision about

procedural default a this time.

Therefore, I ask that the Respondents look carefully at the various state and

federal cases and supplement their Answer again.  Since the Respondents will need to

access the actual records from the various courts to support their procedural default

arguments, I will also request them to file all of the relevant Records Proper from each

level of state courts, along with transcripts of the trial proceedings (or at least the tapes)

and any other pertinent matters to the resolution of this matter on the merits.  Because

habeas Rule 5(e) does not prohibit a reply, I will permit Petitioner to file a reply to

Respondents' Second Supplemental Answer.

Once the Second Supplemental Answer, Records Proper, and Petitioner's reply

are received, I will take the matter under submission and will issue my proposed

findings as soon as is conceivably possible given the Court's workload.  I expect

Petitioner to be patient and not file continual letters and motions.  After the proposed

findings are filed, Petitioner will have the opportunity to object to the proposed findings and to have Judge Brack review his objections.

Wherefore,

**IT IS HEREBY ORDERED THAT:**

1. Petitioner's motion to proceed *in forma pauperis (Doc. 4)* is DENIED AS MOOT;

2. To the extent that Petitioner's "Bravo memo" and other motions  *(e.g., Docs. 13, 14, 15)* attempt to inject claims against the Warden or any other person, they are DENIED;

3. The Clerk strike the names of Albuquerque Mayor Martin Chavez, Judge Johnson, and Judge Smith from the caption of this suit;

4. Petitioner's motions to convene a grand jury *(Docs. 19, 28)* are DENIED;

5. Petitioner's motions for discovery *(Docs. 20, 26)* are DENIED;

6. Petitioner's motion to strike Respondents' Answer/Supplemental Answer *(Doc. 24)* is DENIED;

7. Petitioner's motions for a change of venue *(Docs. 11, 25, 27)* are DENIED;

8. Petitioner's motion for mandamus *(Doc. 29)* is DENIED; and

9. Respondents supplement their Answer and file the Records Proper in accordance with this Order by Friday, January 15, 2010; and

10. Petitioner shall file his reply no later than Friday, February 5, 2010.

_____
UNITED STATES MAGISTRATE JUDGE