IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MIKE KASSABJI,

       Petitioner,

v.                                                                 CIV 09-675 RB/CG

ERASMO BRAVO, Warden, et al.,

       Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION RE: LATEST MOTIONS AND FILING RESTRICTIONS
## &
## ORDER TO CHANGE PETITIONER'S ADDRESS AND SERVE THESE FINDINGS THERE

       As Petitioner is aware, his is a habeas action awaiting further supplementation by Respondents so that the Court can conduct its review "'on paper' first, before deciding whether to allow discovery or to hold an evidentiary hearing." *Doc. 30* at 9 (citing Rules 4 through 8 of the RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS). Although the habeas rules do not contemplate a "reply" to the initial materials a respondent is supposed to submit, I nonetheless have authorized Petitioner to file one. *See id.* at 12 (citing Rule 5(e), which provides "The petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the judge.") Thus, there are two, and only two, more documents to be filed in this case before the Court takes it under submission – Respondents' supplement, due January 15, 2010,

and Petitioner's reply due February 5, 2010.  *See Doc. 30* at 13.

Despite this Court's repeated warnings, Petitioner is unable or unwilling to desist from filing repetitious pleadings, asking for relief that has already been denied.  *See Docs. 30, 34, 37, 41, 44.*  His latest pleadings are more of the same.  One of the documents, entitled "The Eight (sic) Petitioner For Writ Of Habeas Corpus," contains a sentence notifying the Court of a change of address, which was understandably overlooked by the Clerk given the caption of the document.  *See Doc. 45* at 1.  His latest "motion" insists on a hearing prior to ruling, which I have already explained is not the sequence of events under the habeas rules.  *See Doc. 47* at 1; *see also Doc. 46* at 1; *Doc. 30* at 9; *Rule 8(a)* ("If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.").  His latest "notice" also contains the sort of language that I have noted the Court need not tolerate.  *See Doc. 45* at 1-2; *see also Doc. 30* at 6-8.

It has been long recognized that the "'right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'"  *In re Winslow,* 17 F.3d 314, 315 (10th Cir. 1994) (quoting *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) and omitting citation to *In re Green,* 669 F.2d 779, 785 (D.C. Cir. 1981)).  While "litigiousness" alone is not sufficient, restrictions are appropriate where there is a documented history of long an abusive filings.  *Guttman v. Widman,* 188 Fed. App'x 691, 698 (10th Cir.) (case from this District; quoting *Tripati,* 878 F.2d at 352), *cert. denied,* 549 U.S. 1031 (2006).  This is so regardless of whether any filing fee is paid,

because of the Court's "'inherent power to impose sanctions that are necessary to regulate the docket, promote judicial efficiency, and deter . . . frivolous filings.'" *Olsen v. State of N.M.,* 128 Fed. App'x 707, 711 (10th Cir. 2005) (quoting *Van Sickle v. Holloway,* 791 F.2d 1431, 1437 (10th Cir. 1986) and also citing *Braley v. Campbell,* 832 F.2d 1504, 1510 (10th Cir. 1987)); *see also Johnson v. Serelson,* 23 Fed. App'x 949, 953-54 (10th Cir. 2001) ("We therefore impose additional restrictions on Johnson's filings in this court, whether or not he pays a full filing fee, using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings.") (citing *Werner v. Utah,* 32 F.3d 1446, 1448-49 (10th Cir. 1994)), *cert. denied,* 535 U.S. 983 (2002) (under Supreme Court's own filing restrictions).

There are some limitations on the authority to impose filing restrictions. The filing restriction must be "'carefully tailored'" to the circumstances presented. *Guttman,* 188 Fed. App'x a 698 (quoting *Tripati,* 878 F.2d at 352.). "'The conditions cannot be so burdensome . . . as to deny a litigant meaningful access to the courts.'" *Id.* (quoting *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986)). Also, a litigant who is going to be subject to filing restrictions is "entitled to notice and an opportunity to oppose the court's order before it is instituted" though not "an in-person hearing in the district court" – the opportunity to file written objections to proposed findings is sufficient. *Tripati,* 878 F.2d at 354.

As documented in my prior order, Petitioner has a long history of filing repetitious and meritless suits in this Court generally, *see Doc. 30* at 2-4, and, despite warnings to the contrary, an inability or unwillingness to desist from filing repetitious and abusive documents and adhere to the previously-set briefing schedule in this case, *see Docs.*

*30, 34, 37, 41, 44.* His repeated filings are particularly inappropriate and distracting because this is a habeas matter. As such, I recommend limited filing restrictions be imposed for this suit only, tailored so that this Court can focus on the upcoming supplement and reply and not squander its limited resources by entertaining any other extraneous matters submitted by Petitioner.

Wherefore,

**IT IS ORDERED** that the Clerk change Petitioner's address of record consistent with his notice and the envelopes on his latest documents, *see, e.g., Doc. 45* at 1, and ensure that a copy of these proposed findings are sent to his new address.

**IT IS ALSO HEREBY RECOMMENDED** that limited filing restrictions be imposed for any document tendered by Petitioner in this suit which is not: (1) his reply due February 5, 2010; (2) an objection to proposed findings; or (3) documents necessary to perfect an appeal. The restriction should be that the Clerk scan any such document, assign it a docket number, but also docket it as "stricken."

**IT IS FURTHER RECOMMENDED** that the *Pro Se* Law Clerks be provided notice of these limited filing restrictions.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE